**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 24 2022

FOR THE NINTH CIRCUIT

DAVID LEMUS,

            Plaintiff-Appellant,

  v.

T. GUTIERREZ, Correctional Officer; et al.

            Defendants-Appellees,

 and

JOHN DOE, Correctional Officer,

            Defendant.

No. 19-55827

D.C. No. 3:17-cv-01500-MMA-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted January 19, 2022[**]

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner David Lemus appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Gutierrez and Hernandez because Lemus failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference").

In his opening brief, Lemus fails to raise, and has therefore waived, any challenge to the district court's summary judgment for defendant Ko. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

**AFFIRMED.**